(No. 856—Claimant awarded $1,575.08 with interest.)

RHODE ISLAND HOSPITAL TRUST COMPANY, AS EXECUTOR OF THE ESTATE OF WILLIAM A. HOPPIN, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 28, 1925.*

INHERITANCE TAX—*when claimant entitled to refund, Sec. 25.* When by the happening of certain contingencies contemplated by the will, the estate, upon proper proceedings is re-appraised and the tax re-assessed, claimant is entitled to a refund of the difference between the amount of the tax originally assessed and the amount found to be due upon the re-assessment.

FISHER, BOYDEN, KALES & BELL, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On January 27, 1915, William A. Hoppin died a resident of the city of Providence in the State of Rhode Island, leaving a last will and testament, appointing Rhode Island Hospital Trust, a corporation, as executor of said estate. The will was duly admitted to probate in the courts of Rhode Island and said claimant duly qualified as executor as directed in the will of said deceased, under the law of said state, and as such executor is still acting.

On March 23, 1917, an order was entered of record in the county court of Cook county, Illinois, in the matter of the

inheritance tax appraisement of the estate of said William A. Hoppin, deceased, the total clear cash value of all the property appraisable in said estate by reason of the death of said decedent was found to be $74,605; and the value of certain successions, interests, estates, legacies, transfers, gifts, and property which the beneficiaries under the will of said decedent, and the amount of tax to which the same was liable together with their respective statutory exemptions are shown in the declaration, and in copy of will attached; and the total inheritance tax was fixed and determined at $2,095.98 which was paid to the county treasurer of Cook county, Illinois, March 30, 1917, together with 6% interest from January 27, 1915, amounting to $273.18 and making a sum total of $2,369.16 paid as aforesaid.

In the will various provisions, conditions and restrictions and contingencies were expressed which are unnecessary here to mention. On the death of Virginia Wheaton Hoppin June 28, 1924, and by reason thereof, all contingencies and conditions contemplated in and by original appraisement and assessment of inheritance taxes became extinguished, and a re-appraisement of the estate and a re-assessment of the inheritance taxes to which the same was liable, was made by the county judge of Cook county aforesaid and entered of record November 24, 1924, by the county judge of said county in which it was ordered and decreed that the cash value of the successions, interests, estates, legacies, transfers, gifts and property, were entitled by reason of the death of said decedent to be re-appraised which was accordingly done, as shown by said order, a copy of which is on file herewith.

A certified copy of said order so entered by the court November 24, 1924. From the record evidence on file it is shown that the sum lawfully due and payable March 30, 1917, was only $702.52 with 6% interest from January 27, 1915, which totaled makes the amount of $794.08; that on said last date claimant paid to the county treasurer of Cook county, Illinois, the sum originally fixed in the first proceedings in the county court and entered of record, to-wit: $2,369.16.

By the happening of certain contingencies and the re-appraisement being made and the amount of inheritance taxes re-fixed as aforesaid by the county court November 24, 1924, it is evident that claimant legally became entitled to a refund of the difference between $2,369.16, the amount paid by him

and the said sum of $794.08, to-wit: the sum of $1,575.08 which said sum last mentioned the court finds is due and payable to claimant with 3% thereon from March 30, 1917.

This the Attorney General in his plea confesses is due from the State of Illinois to claimant and consents to a judgment for same.

The court accordingly awards to claimant a refund of $1575.08 with 3% interest per annum thereon from March 30, 1917.